EL PUEBLO, DEMANDANTE Y APELADO, *v.* FIGUEROA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por infracción a la Ley de Arbitrios.

No. 1970.—Resuelto en mayo 21, 1923.

INSCRIPCIÓN DE ALAMBIQUES—ALEGACIONES—DENUNCIA SUFICIENTE.—Si una denuncia por violación a la sección 61 de la Ley de Arbitrios imputa al acusado el tener en su posesión y custodia un alambique ''en la finca de su padre,''

no puede concluirse que la denuncia alega que el padre y no el acusado era el dueño del alambique.

ID.—ALEGACIÓN INNECESARIA.—En una denuncia por violación de la sección 61 de la Ley de Arbitrios no es necesario alegar que el acusado tenía en su posesión el alambique para usos ilícitos.

ID.—PRUEBA INSUFICIENTE.—La prueba de que el acusado fué visto llevando una lata de carbón a un alambique en función en la finca de su padre y al regresar en busca de otra lata se marchó al ver a los policías negando subsiguientemente toda conexión con el alambique, no constituye prueba suficiente de una infracción a la sección 61 de la Ley de Arbitrios; no siendo el acusado el dueño de la finca, debe resultar claro que era el deber de este acusado en particular más que de ninguna otra persona solicitar y obtener una licencia.

Los hechos están expresados en la opinión.

Abogado del apelante: ———

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El acusado, a quien se imputó el delito de tener un alambique sin haberlo inscrito, formuló una excepción perentoria a la denuncia, que fué desestimada. Se alega como error esta actuación de la corte. Sostiene el apelante que en la denuncia se alega que su padre, y no él mismo, era el dueño del alambique. La denuncia imputaba al apelante el hecho de tener en su posesión y custodia un alambique "en la finca de su padre." No se alega, por tanto, que el alambique pertenecía al padre.

Otra objección que se hace a la denuncia es que no expresa los fines para los cuales el acusado poseía dicho alambique. Según entendemos al apelante, la teoría es que él solamente podía haber obtenido una licencia del Tesorero si fuera a usar el alambique para fines sacramentales o científicos, que si él revelaba algún otro fin el Tesorero no podía obtener rentas por un alambique ilegal y, por consiguiente, que para que la denuncia sea suficiente debió haber alegado un uso lícito. Hemos resuelto, sin embargo, en otros casos, que todos los alambiques deben ser inscritos. *El Pue-*

*blo* v. *Rosaly,* 28 D. P. R. 474, y casos siguientes. En el caso de *Rosaly,* pág. 476, se dice lo siguiente:

"Si el alambique no sirve, o se usa para un fin ilegal la Legislatura puede, sin embargo, exigir su inscripción de manera que pueda perseguirse el tener un alambique y usarlo sin licencia. La Ley Jones no anula los artículos de las leyes de rentas que prohiben el uso de un alambique sin una licencia."

Existe una remota posibilidad de que una persona que tiene un alambique en su poder desearía tenerlo inscrito en la Tesorería aun cuando no quisiese usar dicho alambique. Sin embargo, lo que la ley hace necesario es que se inscriban los alambiques.

Otros alegados defectos eran de forma y como la excepción perentoria se hizo únicamente durante el juicio y fué inmediatamente declarada sin lugar, no hay necesidad de considerar tales defectos. *El Pueblo* v. *París,* 25 D. P. R. 111; *El Pueblo* v. *Rosaly, supra.*

Los demás señalamientos de error se refieren a la prueba, y principalmente a que ésta era insuficiente para sostener una condena. Escaracciolo Beauchamp declaró en substancia que era un policía insular y que en una persecución de alambiques, y con la idea de que había uno en la casa del acusado, él y otro policía fueron a dicha casa. Que a treinta pasos de la casa el testigo vió al acusado con una lata de carbón que venía hacia el sitio, a un bosquecito, donde estaba el aparato. El acusado dejó la lata de carbón cerca de donde estaba el aparato y volvió a buscar otra. Entonces se dió cuenta de la policía y trató de irse, pero los policías lo llamaron. El acusado les dijo que la finca pertenecía a su padre, pero que el alambique no pertenecía a ellos. A la clara vista del testigo funcionaba un alambique. El testigo sabía lo que era carbón vegetal, declaró que el padre del acusado manifestó que la finca era de él, y también declaró que el padre y el hijo vivían en la misma casa. El otro policía prestó igual declaración. Interrogado respecto a

cómo supo que el alambique estaba bajo el control del acusado, contestó el policía que tenía conocimiento de este hecho porque vió al acusado llevando la lata al alambique, pero admitió no haberle visto hacer nada más en relación con dicho alambique. El acusado y sus testigos negaron la posesión o custodia del alambique y también que el acusado llevara las latas. Es un hecho demostrado y admitido que la finca pertenecía al padre.

Analizada, la prueba es que el acusado fué visto llevando una lata de carbón a un alambique en función en la finca de su padre y al regresar en busca de otra lata se marchó al ver a los policías negando subsiguientemente toda conexión con el alambique. Es inevitable la conclusión de que alguien funcionaba un alambique ilegal en la finca del padre del acusado y parece probable que el acusado mismo faltó a su juramento al negar que llevaba la lata y también negando todo conocimiento en cuánto a la propiedad del aparato. Sin embargo, a pesar del conocimiento culpable por parte del acusado, la prueba es a la vez compatible con el dominio y control en su padre o en alguna otra persona a quien el acusado trataba o estaba dispuesto a proteger. El mero hecho de llevar una lata a un alambique y la conducta posterior indicativa de una conciencia culpable, no establece el dominio ni el control del acusado bajo los hechos de este caso. Quizás si la prueba hubiera revelado que la finca y casa pertenecían al acusado, más bien que a su padre, la que fué ofrecida podría ser suficiente. *El Pueblo* v. *Hernández,* 29 D. P. R. 58, pero ese no es este caso.

Además, ésta es una causa por dejar de obtenerse una licencia, y debe resultar claro que era el deber de este acusado en particular más que de ninguna otra persona solicitar y obtener una licencia.

Debe revocarse la sentencia y absolverse al acusado.

          *Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.